UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JARETH ISAID CONTRERAS SANCHEZ,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-867

Honorable Paul L. Maloney

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on April 10, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 6, 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 6, 7.)

On April 20, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond because he is a flight risk and has a removal order pending appeal. (Status Report, ECF No. 8; Bond Order, ECF No. 8-1.)

On April 22, 2026, Petitioner filed a motion for immediate release, or in the alternative, a new bond hearing. (ECF No. 9.) In the motion, Petitioner argues that the bond hearing was

procedurally defective because Petitioner's counsel was not served with notice of the hearing. (*See id.*, PageID.103–104.) Thus, Petitioner asserts he was not able to present any evidence in support of his request for bond. (*Id.*, PageID.107.) Petitioner asks this Court to order his immediate release from custody. (*Id.*, PageID.107.)

Respondents counter Petitioner's arguments by stating that Petitioner's counsel was electronically served with notice of the April 16, 2026 bond hearing on April 14, 2026, more than 24 hours before the bond hearing. (Resp., ECF No. 10, PageID.110; Notice, ECF No. 10-1, PageID.114.) However, Petitioner's counsel moved to withdraw as counsel on April 15, 2026, the day before the bond hearing, (Resp., ECF No. 10, PageID.110; Mtn. to Withdraw, ECF No. 10-2, PageID.116), and the Immigration Judge granted the motion to withdraw at the bond hearing because Petitioner requested that his attorney withdraw. (Resp., ECF No. 10, PageID.110; Order of the Immigration Judge, ECF No. 10-3, PageID.122.)

In light of the documentation submitted by Respondents, it appears that Petitioner's counsel received notice of the bond hearing more than 24 hours in advance. Therefore, Respondents complied with the Court's April 10, 2026 Opinion and Judgment.

In Petitioner's motion for immediate release, Petitioner also challenges the nature of the bond hearing that was held in response to the Court's April 10, 2026 Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's April 10, 2026 Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's April 10, 2026 Opinion and Judgment. Therefore, the Court will deny Petitioner's

motion for immediate release. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's April 10, 2026 Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for immediate release (ECF No. 9) is **DENIED**.

Dated:   May 7, 2026                               /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge